# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3725

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Miguel Angel Chavez, also known as | * | Appeal from the United States |
| Jesus Aurelio Valdez, also known as | * | District Court for the District |
| Atanacio Chavez, also known as Tony, | * | of North Dakota. |
| also known as Jesus Aurelio Chavez, | * | |
| also known as Gordo, also known as | * | [UNPUBLISHED] |
| Jesse Valdez Munoz, | * | |
| | * | |
| Defendant -Appellant. | * | |

_____

Submitted: October 22, 2010
Filed: October 29, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Miguel Chavez was charged with various offenses involving the distribution of methamphetamine on the Turtle Mountain Indian Reservation, including engaging in a continuing criminal enterprise (CCE). 21 U.S.C. § 848(c). The indictment alleged that Chavez engaged in a CCE through a series of narcotics related conspiracies committed in North Dakota in concert with seventeen other people whom Chavez

organized, supervised, and managed.  Both parties agree that the drugs originated with a large Mexican cartel and that Chavez transported drugs and money between Mexican suppliers and North Dakota dealers.

The jury convicted Chavez on all counts.  It found that Chavez supervised seven of the seventeen CCE participants alleged in the indictment.  Section 848(b) of the CCE statute mandates a life sentence if a CCE defendant acted as the "principal administrator, organizer, or leader, or one of several principal administrators, organizers, or leaders" and the enterprise involved sufficient quantities of drugs or money.  Id. § 848(b).  Chavez does not dispute that his CCE involved at least two hundred pounds of methamphetamine, well beyond the statutory ten kilogram threshold.  Id. § 841(b)(1)(B)(viii), 848(s).  At sentencing, the district court[1] found that Chavez acted as a principal and imposed a life sentence.  Id. § 848(b).  Absent the statutory minimum, the court would have imposed a forty year sentence.

On appeal Chavez challenges the sufficiency of the evidence that he acted as the "principal administrator, organizer, or leader" of the CCE.  Chavez urges that the district court must determine "principal" status within the context of the entire chain of drug distribution.  Chavez argues he was too lowly and "disposable" to be a principal compared to cartel leaders in Mexico.  We review for clear error the district court's factual findings at sentencing.  United States v. Jackson, 345 F.3d 638, 645 (8th Cir. 2003).  We review the sufficiency of evidence de novo.  United States v. Shepard, 462 F.3d 847, 866 (8th Cir. 2006).

We disagree that the district court was required to consider actors or offenses outside the scope of the enterprise alleged in the indictment.  Asked for its advisory verdict, the jury found unanimously that Chavez was the "principal" with respect to that enterprise beyond a reasonable doubt.   Applying a preponderance standard of

---

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

proof appropriate to sentencing, the district court was free to accept the jury's finding. See Tamko Roofing Prods., Inc. v. Smith Eng'g Co., 450 F.3d 822, 828 (8th Cir. 2006). The district court did not clearly err in finding that Chavez was the enterprise's principal administrator, organizer, or leader.

Accordingly, the judgment of the district court is affirmed.

_____